UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN RICHARD GIBSON, | Case No. CV 10-08876 CBM (AN) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| TERRI L. GONZALEZ, Warden, | |
| Respondent. | |

In light of the Supreme Court's just-issued decision in *Swarthout v. Cooke*, 562 U.S. ---, --- S. Ct. ----, No. 10-333, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam), Petitioner is ordered to show cause in writing, on or before February 9, 2011, why his Petition should not be dismissed with prejudice.

In *Cooke*, the Supreme Court reversed *Cooke v. Solis*, 606 F.3d 1206 (9th Cir. 2010), and rejected the Ninth Circuit's position on the standard of review applicable to California parole denials. *Cooke*, 2011 WL 197627 at *2-3. Further, *Cooke* holds that, even if a California prisoner has a state-created liberty interest in parole, a prisoner challenging the denial of parole is only entitled to the minimal procedural due process protections set forth in *Greenholtz v. Inmates of Nebraska Penal*, 442 U.S. 1, 16, 99 S. Ct. 2100 (1979), that is, an opportunity to be heard and a statement of reasons for the denial. *Id.* at *2. The Supreme Court observed that where the records reflect the prisoner was allowed to speak at the hearing, contest the evidence, afforded access to his records in advance, and was notified as to the reasons why parole was

1  denied, "[t]hat should have been the beginning and the end of the federal habeas courts'
2  inquiry." *Id.* The *Cooke* opinion expressly emphasizes that "it is no federal concern whether
3  California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution
4  demands) was correctly applied." *Id.* at *3.

5  Here, Petitioner's due process claim focuses exclusively on the *reasons* for the Board of
6  Parole Hearing's December 10, 2009 denial of parole. (First Amended Petition ("FAP") (dkt.
7  9) at 5-8.) Petitioner is not claiming he was denied the minimal procedural due process
8  protections set forth in *Greenholtz*. Moreover, here as in *Cooke*, the transcript of Petitioner's
9  December 10, 2009 parole hearing reflects Petitioner, who was represented by appointed
10 counsel, was given an opportunity to speak and contest the evidence against him, was afforded
11 access to his records in advance, and was notified as to the reasons why parole was denied.
12 (*See* attachments to FAP, dkt. 9-1 at 3, 9-11; dkt. 9-2 at 19, 20-25; dkt. 9-3 at 1-3.[1/]) To the
13 extent Petitioner contends the California courts incorrectly applied California's "some
14 evidence" rule, that is not a federal concern under the Supreme Court's decision in *Cooke*.

15 In light of *Cooke*, it simply does not appear this court would have any basis for finding
16 or concluding the California courts' rejection of Petitioner's substantive due process parole
17 claim was contrary to, or involved an unreasonable application of, clearly established Supreme
18 Court law, or that it was based upon an unreasonable determination of the facts.
19 ///
20 ///
21 ///
22 //
23 ///
24 ///

---

[1/] For convenience and clarity, the court cites to the pages of the attachments by referring to the pagination furnished by the court's official CM-ECF electronic document filing system.

1  Petitioner is notified that he will be deemed to have waived his opportunity to respond
2  to this order to show cause, and he will be deemed to have consented to the dismissal of his
3  Petition for the foregoing reasons, if he fails to file his written response in the required time,
4  and that no consideration will be given to any untimely response.

6  DATED: January 26, 2011

   _____
   ARTHUR NAKAZATO
   UNITED STATES MAGISTRATE JUDGE